**Order entered January 7, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-08-01584-CV

**TXU PORTFOLIO MANAGEMENT COMPANY, L.P. N/K/A
LUMINANT ENERGY COMPANY, L.L.C., Appellant**

**V.**

**FPL ENERGY, LLC; FPL ENERGY PECOS WIND I, LP;
FPL ENERGY PECOS WIND II, LP; INDIAN MESA WIND FARM, LP, Appellees**

**On Appeal from the 116th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 04-10314**

## ORDER

On May 28, 2014 we abated this appeal after notification that Luminant Energy Company, L.L.C. and its parent company Energy Future Holdings Corporation, had filed a petition for bankruptcy. On December 19, 2014, the parties filed a joint motion to reinstate the appeal and request for supplemental briefing asserting the bankruptcy court had signed an order modifying the automatic stay in accordance with the parties' stipulation allowing the parties to prosecute this appeal until their claims or interests are fully adjudicated and liquidated. Attached to the joint motion is a copy of the bankruptcy court's motion and the parties' stipulation.

Accordingly, we **REINSTATE** this appeal. *See* TEX. R. APP. P. 8.3(a). We **GRANT** the parties' request for supplemental briefing in that we **ORDER** appellant to file its

supplemental brief within **THIRTY (30) DAYS** of the date of this order. We **FURTHER ORDER** appellees to file their supplemental brief within **THIRTY (30) DAYS** after the date appellant's supplemental brief is filed.

As previously indicated in our May 22, 2014 order, this case is appropriate for mediation pursuant to Chapter 154 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-.073 (West 2011 and West Supp. 2014).

Jeff Kaplan shall serve as mediator. Any objection to this Order must be filed and served upon all parties and the mediator within 10 days from the date of this Order; an objection that is neither timely filed nor ruled upon before the scheduled mediation may be waived.

Mediation is a mandatory but nonbinding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged. After mediation, the mediator will advise the Court only that the case did or did not settle.

Unless the mediator agrees to mediate without fee according to section D(3) of the Court's ADR Procedures, the mediator will negotiate a reasonable fee with the parties, which shall be divided and borne equally by the parties unless agreed otherwise, paid by parties directly to the mediator, and taxed as costs. If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs. All parties and their counsel are bound by the mediation rules attached to this order and shall complete the information forms furnished by the mediator.

Before the first scheduled mediation session, all parties shall provide the mediator and all attorneys of record with an information sheet setting forth their positions about the issues that need to be resolved. At or before the first session, all parties shall produce all information

necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information provided.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to settle. Mediation shall take place at a time to be agreed by the parties and the mediator, but no later than 45 days after appellees' supplemental brief is filed. This order does not toll any appellate time period or portion thereof.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law. The mediator shall notify the Court about the outcome of the mediation within 10 days of the conclusion of the mediation session pursuant to Fifth District Court of Appeals Local Rule 3.

/s/    DAVID EVANS
        JUSTICE

# RULES FOR MEDIATION

1. **Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose the mediator's own judgment on the issues for that of the parties.

2. **Conditions Precedent Serving as Mediator.** The mediator shall not serve as a mediator in any dispute in which he or she has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with parties.

3. **Authority of Mediator.** The mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The mediator is authorized to conduct joint and separate meeting with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the mediator or the parties, as the mediator shall determine.

4. **Parties Responsible for Negotiating Their Own Settlement.** The parties understand the mediator will not and cannot impose a settlement in their case. The mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The mediator does not warrant or represent that settlement will result from the mediation process.

5. **Authority of Representatives.** Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present. The names and addresses of such persons shall be communicated in writing to all parties and the mediator.

6. **Time and Place of Mediation.** The mediator shall fix the time of each mediation session. The mediation shall be held at the office of the mediator, or at any other convenient location agreeable to the mediator and the parties, as the mediator shall determine.

7. **Privacy. Mediation sessions are private.** The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

8. **Confidentiality and Privilege.** Confidential information disclosed to a mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the mediator. All records, reports or other documents received by a mediator while serving in that capacity shall be confidential. The mediator shall not be compelled to divulge

such records or to testify in regard to the mediation in any adversary proceeding or judicial forum. Any party that violates this order shall pay all reasonable fees and expenses of the mediator and other parties, including reasonable attorney's fees, incurred in opposing the efforts to compel testimony or records from the mediator.

9. **No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

10. **No Service of Process at or near the site of the Mediation session.** No subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

11. **Termination of Mediation.** The mediation shall be terminated: A) By the execution of a settlement agreement by the parties; B) By declaration of mediator to the effect that further efforts at mediation are no longer worthwhile; or, C) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

12. **Interpretation and Application of Rules.** The mediator shall interpret and apply these rules.

13. **Fees and Expenses.** The mediator's daily fee, if agreed upon prior to mediation, shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.